UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN ANDERSON,

Plaintiff,

Case Number 05-10265-BC
Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________________/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING MATTER TO THE COMMISSION FOR AN AWARD OF BENEFITS**

The plaintiff filed the present action on October 5, 2005 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner, requesting the case be remanded to the Commissioner for an award of benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on February 24, 2006 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, the findings of the Commissioner be reversed, and the matter be remanded to the Commission for an award of benefits. The defendant filed timely objections to the recommendation, and the matter is now before the Court.

The Court has reviewed the file, the report and recommendation, and the defendant's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.  In her objections, the defendant challenges the magistrate judge's conclusion that substantial evidence did not support the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled as a result of her physical and contends that the magistrate judge failed to identify the evidence in the record that compels a finding that the plaintiff was continuously disabled since April 1998.  Specifically, the defendant insists that the reports of the plaintiff's doctors are at odds with the magistrate judge's characterization of the plaintiff's symptoms as disabling.  The defendant argues that the plaintiff's condition did not become disabling until some time after her insured status expired in December 2001.  The defendant also argues that even if substantial evidence does not support the ALJ's finding of non-disability, the case should be remanded for further proceedings, not an award of benefits as recommended by the magistrate judge.

The plaintiff, who is now forty-one years old, suffers from relapsing remitting multiple sclerosis.  Her first debilitating episode occurred in April 1998 when she was hospitalized with headaches and left-side paralysis.  Thereafter, she experienced other, minor episodes but no major one until after her insured status expired in December 2001.  The plaintiff applied for a period of disability and disability insurance benefits on September 5, 2002 when she was thirty-seven years old.  She has a high school diploma, and she has worked as a waitress, bartender, and knitting machine operator.  The plaintiff last worked on April 1, 1998, the date she alleges she became disabled as a result of multiple sclerosis, fatigue, back pain, leg pain, and left-sided numbness. Her treating doctors have confirmed the diagnosis of  multiple sclerosis with appropriate medical tests.

The plaintiff's application for disability insurance benefits was denied, and she made a timely request for an administrative hearing. On May 5, 2004, she appeared before ALJ Alfred H. Varga for a hearing when she was thirty-eight years old. The ALJ filed a decision on July 28, 2004 in which he found the plaintiff was not disabled. The plaintiff appealed this decision to the Appeals Council, which remanded the case to the ALJ for further evaluation. On February 2, 2005, the plaintiff again appeared before ALJ Varga, who filed a second decision on June 24, 2005 in which he again found the plaintiff was not disabled. The ALJ reached his conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since April 1, 1998 (step one). The ALJ never made a specific finding at step 2 of the process, but the Court infers that the ALJ would have found that the plaintiff suffered from multiple sclerosis, which is an impairment that is "severe" within the meaning of the Social Security Act, because the ALJ proceeded to the next sequential step in the process. The ALJ did find that the plaintiff's impairment does not meet or equal a listing in the regulations (step three); and the plaintiff could not perform her past relevant work as a waitress, bartender, and knitting machine operator, which are semi-skilled or unskilled and variously required medium to light exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a significant range of sedentary work provided that she avoid working around unprotected heights and engage in no driving, climbing, or work around dangerous machinery. A vocational expert testified that about 5,000 jobs within Michigan fit within those limitations, including visual inspector, sorter, and packager; the ALJ found that those jobs existed in significant numbers in the regional economy. Based on that finding and using Medical Vocational Rule 201.28

as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on September 14, 2005.

The magistrate judge found that this case is controlled by *Parish v. Califano*, 642 F.2d 188 (6th Cir. 1981), and *Wilcox v. Sullivan*, 917 F.2d 272 (6th Cir. 1990). Both of those cases addressed the waxing and waning nature of multiple sclerosis, and each case expounded on the fact that the ability to perform work activity during periods of remission did not establish an ability to engage in substantial gainful activity. The Commissioner has made no effort to distinguish either of these cases in her summary judgment brief or her objections to the magistrate judge's report; in fact, she has not even cited them.

*Parish* was a case remarkably similar to the present one. The plaintiff applied for child benefits under the Social Security Act, for which she was required to show, among other things, that she was disabled before her twenty-second birthday. She plainly exhibited the disabling symptoms of multiple sclerosis before age 22, but she also went into remission before that birth date, and she did not encounter an acute exacerbation until after she passed that milestone. The court of appeals reversed a no-disability finding. "Because the January until August 1975 period wherein plaintiff attempted to work and attend school was unquestionably a period of remission, we believe the ALJ erred in placing undue reliance on this brief and temporary interruption of plaintiff's progressively disabling condition." *Parish*, 642 F.2d at 193.

In *Wilcox*, the plaintiff suffered symptoms of multiple sclerosis as early as 1986, but he was able to return to work until he suffered an exacerbation in 1988. The court of appeals reversed the

district court's affirmance of the Commissioner's finding that the plaintiff was not disabled before 1988, reasoning:

> The principles enunciated in *Parish* were not applied to the facts of this case. The Secretary erroneously relied on Wilcox's activities during the periods of remission as evidence of his substantial gainful employment. The record, when viewed in light of the well-reasoned principles established in *Parish*, lead us to conclude that Wilcox, who suffered from a progressively debilitating disease, was disabled by multiple sclerosis effective February 24, 1986.

*Wilcox*, 917 F.2d at 278.

The lesson of these cases is that multiple sclerosis is a disease that requires a longitudinal evaluation, which the ALJ failed to perform in this case. To that extent, the evidence of the plaintiff's exacerbation in 2003, after the expiration of her insured status, is relevant. Medical evidence is relevant to prove a disability only while the claimant enjoyed insured status. *Estep v. Weinberger*, 525 F.2d 757, 757-58 (6th Cir. 1975). However, medical evidence that postdates the insured status date may be, and ought to be, considered, insofar as it bears on the claimant's condition prior to the expiration of insured status. *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976) (stating that "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

The evidence of the exacerbation in February 2003, therefore, is confirmatory of the plaintiff's remitting relapsing multiple sclerosis and establishes that the period focused upon by the ALJ was a period of remission. The vocational expert testified at the latest administrative hearing that when the plaintiff suffered from the symptoms during relapse – including fatigue, left-sided back pain, and numbness – she could not perform any jobs in the national economy. Tr. at 233-34.

The magistrate judge was correct in his conclusion that substantial evidence did not support the no-disability finding.

Once the determination has been made that the Commissioner's decision is not supported by substantial evidence, the Court must decide whether further fact-finding is required. "[I]f all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this Court may remand for an award of benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985) ("In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking."). The Court agrees with the magistrate judge's conclusion that this standard has been met in this case.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the defendant's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 16] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **GRANTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 13] is

**DENIED**. The findings of the Commissioner are **REVERSED,** and the matter is **REMANDED** to the Commission for an award of benefits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 27, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS